IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Roosevelt McCray, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:22-cv-1477-BHH |
| v. ) | |
| Shepherd, *Associate Warden*, ) | **ORDER** |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff James Roosevelt McCray's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. On October 6, 2022, Defendant filed a motion to dismiss, or in the alternative, for summary judgment, and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On May 6, 2023, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dispositive motion procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 46.) Plaintiff's response to Defendant's motion was entered on the docket on October 24, 2022. (ECF No. 48.) On October 28, 2022, and December 5, 2022, Plaintiff filed motions to amend the complaint. (ECF Nos. 49 and 55.)

After reviewing the record and the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on May 22, 2023, outlining the issues and recommending that the Court grant Defendant's motion because Plaintiff's allegations are too conclusory to state a plausible claim for relief. The Magistrate Judge also determined that Plaintiff's proposed amendment to the complaint would be futile and recommended that

the Court deny Plaintiff's motions to amend. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 65); the Court **grants** Defendant's motion to dismiss, or in the alternative, for summary judgment (ECF No. 45); and the Court denies Plaintiff's motion to amend the complaint (ECF Nos. 49 and 55).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 12, 2023
Charleston, South Carolina